FILED
MAY 2 0 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN GREEN, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) No. 05C 3016 |
| v. | ) JUDGE CONLON |
| | ) |
| LOYOLA UNIVERSITY OF CHICAGO, | ) |
| | ) MAGISTRATE JUDGE: GERALDINE SOAT BROWN |
| Defendant. | ) JURY DEMANDED |

## COMPLAINT

NOW COMES THE PLAINTIFF, JOHN GREEN, through his attorney, ARMAND L. ANDRY, and complaining of Defendant, LOYOLA UNIVERSITY OF CHICAGO, would state the following:

## JURISDICTION

1. This is an action by a student of the Defendant, LOYOLA UNIVERSITY OF CHICAGO. This action arises under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d; Title IX of the Education Amendments of 1972, 20 U.S.C. Sections 1681-1688); and The Civil Rights Act of 1866, 42 U.S.C. 1981. This court has jurisdiction under 28 U.S.C. 1331 (a), 1337 and 1343, in that the claims involved violation of federally protected rights and charges of discrimination and retaliation. All administrative procedures have been exhausted.

## PARTIES

2. Plaintiff JOHN GREEN is an African American student of the LOYOLA UNIVERSITY OF CHICAGO school of Education.

3. Defendant, LOYOLA UNIVERSITY OF CHICAGO, is a recipient of federal funds as defined by Title VI of the Civil Rights Act of 1964 as amended Title IX of the Education Amendments of 1972 Title 20 U.S.C. Sections 1681-1688) and is the University where Plaintiff is enrolled in the graduate school of education.

## FACTS

4. Plaintiff, JOHN GREEN, is a student at Defendant LOYOLA UNIVERSITY.

5. Plaintiff was previously a teacher with the Chicago Board of Education and an administrator, acting as an assistant principal.

6. Plaintiff has also held other positions of trust in the community including an agent for the Illinois Bureau of Investigation.

7. Plaintiff was admitted to the School of Education at Defendant LOYOLA UNIVERSITY in the D3 COHORT PROGRAM seeking an Ed. D. degree in 1999.

8. Others who entered the Cohort D3 program at the same time as Plaintiff were Clara Paul; Beverly Anderson-Coleman; Sharon Baksh; Marion Dozier, Carmia Fuqua; Ruth Prince; and Ivry Hobbs.

9. Until April 2000 Plaintiff had fulfilled all the legitimate requirements of the Cohort D3 program.

10. In April 200, Plaintiff was attacked and struck by a female student, Clara Paul without justification.

11. Plaintiff filed charges against Clara Paul with the Chicago Police and the Cook County States Attorney.

12. One of Plaintiff's professors, Dr. Gene McGrew told Plaintiff that if he did not drop the charges against Mrs. Paul, charges would be made against Plaintiff.

13. Another of Plaintiff's professors, Dr. Robert Roamer, prepared a document to be signed by Plaintiff indicating he would drop the charges against Mrs. Paul.

14. Plaintiff refused to sign the document as instructed by Drs. McGrew and Roamer and litigated the matter in court.

15. After pursuing the matter in court Plaintiff was continually harassed and had false allegations made against him by other cohort members with the aid and assistance of Drs. McGrew and Roamer.

16. Plaintiff was advised he would never receive an Ed. D. degree.

17. Plaintiff transferred out of the ED. D. program and into the Ph. D. program in Education.

18. Professors in the Ph. D. program were aware of the incidents in the Cohort D3 Ed. D. program involving Plaintiff, Mrs. Paul and Drs. McGrew and Roamer.

19. In order to obtain the PhD, Plaintiff had to assemble an advisory committee of three faculty members to approve the writing of his dissertation and defense of the dissertation.

20. Plaintiff sought advisers from the faculty of the Defendant.

21. Professors he sought as advisers repeatedly refused to act on his advisory committee except three advisers.

22. Plaintiff was advised that he would never get his Ph. D.

23. Plaintiff has fulfilled all the legitimate requirements necessary to obtain the Ph. D. in Education or is in the process of fulfilling any remaining legitimate requirements.

24. Plaintiff has been given additional requirements and modifications to the normal legitimate requirements for the Ph. D. that other white and female students and students who do not oppose discrimination have not had imposed on them by the Defendant LOYOLA UNIVERSITY.

25. All of the students in the D3 cohort program have now received their Ed. D's.

26. One student from the D3 cohort program, Sharon Baksh, transferred from the Ed. D. D3 cohort program to the Ph. D. program.

27. Mrs. Baksh has now received her Ph. D. in Education.

28. Plaintiff continues to be denied his Ph. D. in Education and or continues to have requirements imposed on him unlike other Ph. D. candidates.

29. Plaintiff has three faculty advisers who determine if his dissertation is accepted and, therefore, whether he will receive his degree.

30. Plaintiff has been advised that one of the three, the chairman of the advisory committee, will be resigning his position.

31. Plaintiff was previously told that if a member of his advisory committee resigned he would have to begin the entire process for acceptance of his dissertation again.

32. The different requirements imposed on Plaintiff have caused him to spend additional time and monies not required of other Ph. D. or Ed. D. candidates.

33. Plaintiff was subjected to a hostile environment and suffered adverse action from the Defendant LOYOLA UNIVERSITY.

34. The actions taken by Defendant LOYOLA UNIVERSITY against Plaintiff are based on his gender, and/or race, and/or his opposition to discrimination.

## COUNT ONE TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000d

35. Plaintiff adopts and realleges as paragraph 35 of his complaint, paragraphs 1-34 above.

36. Title VI of the Civil Rights Act of 1964 makes it an unlawful for persons receiving federal funds to treat persons differently because of their race or because of opposing discrimination.

37. The Defendant, LOYOLA UNIVERSITY OF CHICAGO, through its agents, has violated the abovementioned laws by subjecting Plaintiff to a hostile environment and treating Plaintiff differently because of his race and/or national origin and because of opposing discrimination.

38. The justifications for permitting this hostile environment and any adverse actions taken against Plaintiff are pretextual.

39. Plaintiff was thus denied his rights under the above Act.

40. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost fees paid, humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT TWO TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. 1681-1688

41. Plaintiff adopts and realleges as paragraph 41 of his complaint, paragraphs 1-34 above.

42. Title IX of the Education Amendments of 1972, 20 U.S.C. 1681-1688 makes it an unlawful for persons receiving federal funds to treat persons differently because of their gender or because of opposing discrimination.

43. The Defendant, LOYOLA UNIVERSITY OF CHICAGO, through its agents, has violated the abovementioned laws by subjecting Plaintiff to a hostile environment and treating Plaintiff differently because of his gender and because of opposing discrimination.

44. The justifications for permitting this hostile environment and any adverse actions taken against Plaintiff are pretextual.

45. Plaintiff was thus denied his rights under the above Act.

46. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost fees paid, humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

### COUNT THREE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. 1981

47. Plaintiff adopts and realleges as paragraph 47 of his complaint, paragraphs 1-34 above.

48. The Civil Rights Act of 1866 makes it unlawful to treat persons differently because of their race or because of opposing discrimination.

49. The Defendant, LOYOLA UNIVERSITY OF CHICAGO, through its agents, has violated the abovementioned laws by subjecting Plaintiff to a hostile environment and treating Plaintiff differently because of his race and because of opposing discrimination.

50. The justifications for permitting these adverse and hostile actions taken against Plaintiff are pretextual.

51. Plaintiff was thus denied his rights under the above Act.

52. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost fees paid, humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

Attorney for Plaintiff

ARMAND L. ANDRY
Attorney for Plaintiff
7801 S. Reilly
Chicago, Illinois 60652-1868
773/735-0103